■ In the Matter of WASHINGTON COUNTY et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [776 NYS2d 650]—

Mugglin, J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of re-

spondent State Division of Human Rights which, inter alia, found petitioners guilty of an unlawful discriminatory practice based on gender.

Respondent Marcia F. McCormack, a probationary status nutritionist, was employed by petitioner Washington County in its Department of Public Health. In August 1989, she sought approval to be absent from work on Mondays, Wednesdays and Fridays at 11:00 A.M. to accept a paid position as an adjunct professor at Adirondack Community College to teach a nutrition course for one semester. While her immediate supervisor sought to accommodate her request, the department head refused to establish a precedent permitting employees to be absent during working hours to permit them to accept a second job. As McCormack was determined to accept the teaching position, the department head computed her available compensatory time and advised that she would be terminated on October 31, 1989, when this time was exhausted.

Thereafter, McCormack learned that the only male employee (a secretary) in this 70-person department was permitted to leave work on two afternoons each week to attend a computer class at Adirondack Community College and that, although he had fewer compensatory hours than McCormack, he was allowed to make up lost time by working overtime and during his lunch hours. McCormack filed a complaint with respondent State Division of Human Rights alleging gender discrimination. Following a hearing, the Division issued an order holding, inter alia, that McCormack was subjected to a discriminatory practice in her employment and awarded her $15,000 for mental anguish. This proceeding ensued.

To establish a prima facie case of discrimination, McCormack must demonstrate membership in a protected class, that she is qualified to hold the position, and that she was subjected to actions giving rise to an inference of discrimination (*see Matter of Milonas v Rosa*, 217 AD2d 825, 825-826 [1995], *lv denied* 87 NY2d 806 [1996]). No inference of discrimination arises, however, unless McCormack is able to demonstrate that a *similarly situated* male employee benefitted from terms and conditions of employment that were denied to her (*see Weit v Flaum*, 258 AD2d 286, 286 [1999]). These employees are not similarly situated. The male secretary took time off to attend a course to improve his skills—arguably a benefit to the employer—and an activity previously allowed employees of Washington County. McCormack sought time off from her primary employer to take a second job—entirely for her own benefit—an activity never previously approved. Therefore, as a matter of law, McCormack failed to establish a prima facie case of gender discrimination.

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and complaint dismissed.