■ PEGGY PELTIER, Individually and as Administratrix of the Estate of RAYMOND E. PELTIER, Deceased, Appellant-Respondent, v AJAY K. WAKHLOO, M.D., et al., Respondents, and TARGET THERAPEUTICS/A DIVISION OF BOSTON SCIENTIFIC CORPORATION, Respondent-Appellant. [798 NYS2d 277]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered May 26, 2004. The order, insofar as appealed from, denied in part and granted in part plaintiff's motion for leave to amend the complaint to assert a claim for punitive damages, denied that part of plaintiff's cross motion for partial summary judgment against defendant Target Therapeutics/A Division of Boston Scientific Corporation, and denied in part the motion of defendant Target Therapeutics/A Division of Boston Scientific Corporation for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced two actions that subsequently were consolidated, seeking damages arising from the death of her husband (decedent). As against defendants Ajay K. Wakhloo, M.D., Guiseppe Lanzino, M.D., Walter Grand, M.D. and Kaleida Health, plaintiff alleged that decedent died as a result of their negligence and malpractice. As against defendants Target Therapeutics/A Division of Boston Scientific Corporation (Target) and L.N. Hopkins, M.D., plaintiff alleged, inter alia, that Target defectively designed, manufactured, marketed and sold the catheter used during the medical procedure that resulted in decedent's death and failed to provide adequate warnings with respect to the use of the catheter and that Dr. Hopkins, the principal investigator of an alleged study involving the surgical intervention at issue herein, was negligent in his

care and treatment of decedent. Plaintiff thereafter moved for leave to amend the complaint to assert a claim for punitive damages against all defendant physicians with the exception of Dr. Grand, and against Kaleida Health and Target. Contrary to the contention of plaintiff, Supreme Court did not abuse its discretion in denying that part of her motion with respect to defendant physicians and Kaleida Health. "Absent any indication in the record that [the alleged conduct of those defendants] was 'activated by evil or reprehensible motives' . . . , we conclude that . . . plaintiff['s] claims [against those defendants] are insufficient to warrant the imposition of punitive damages" (*Spinosa v Weinstein*, 168 AD2d 32, 43 [1991]). Indeed, "[p]laintiff has made no allegations beyond those of ordinary negligence or malpractice as would constitute the basis for an award of punitive damages" (*Gravitt v Newman*, 114 AD2d 1000, 1002 [1985]). We further conclude, however, that the court did not abuse its discretion in granting that part of plaintiff's motion with respect to Target (*cf. Spinosa*, 168 AD2d at 42-43; *Gravitt*, 114 AD2d at 1002).

We have considered the remaining contentions of the parties and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.