United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 22, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————————

No. 06-50104

(Summary Calendar)

—————————

OSCAR JIMENEZ,

Plaintiff-Appellant,

versus

JOHN E POTTER, Postmaster General, United States Postal Service,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(3:03-CV-169)

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Oscar Jimenez appeals the district court's grant of summary judgment in favor of his

employer, the United States Postal Service ("USPS"), on claims that USPS retaliated against him in

violation of Title VII and violated his rights under the Rehabilitation Act of 1973. We affirm.

—————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jimenez was a Supervisor of Distribution Operations for USPS in El Paso between 1985 and his retirement in 2001. Jimenez's Title VII and Rehabilitation Act claims are based on two workplace incidents: first, when USPS demoted him for two months, and second, when a manager yelled at him after Jimenez accused a subordinate employee of acting aggressively toward him.[1] The district court granted summary judgment in favor of USPS, concluding that Jimenez failed to raise a genuine issue of material fact to substantiate his claims.

We review a grant of summary judgment *de novo*. *Honeywell Intern., Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 434 (5th Cir. 2005). We affirm only when there is no issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* We may affirm a summary judgment on any ground supported by the record, even if it is different from that relied on by the district court. *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 258 (5th Cir. 2001) (*citing Tex. Refrig. Supply, Inc. v. FDIC*, 953F.2d 975, 980 (5th Cir. 1992)).

Jimenez first contends that his two-month demotion constituted unlawful retaliation under Title VII. To establish a *prima facie* case of retaliation under Title VII, Jimenez must present some evidence that he (1) engaged in activity protected by Title VII; (2) the employer took adverse employment action against him; and (3) a causal connection exists between that protected activity and the adverse employment action. *See Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 41 (5th Cir. 1992).

The summary judgment evidence indicates that Jimenez did not engage in a protected activity. Jimenez asserts that he was demoted in retaliation for filing a workers' compensation claim in 1994; however, a workers' compensation claim is not a protected activity under Title VII. Only those

---

[1] Jimenez does not argue, on appeal, that he suffered unlawful retaliation as a result of this second incident. Thus, this claim is waived. *See Edwards v. Johnson*, 209 F.3d 772, 776 n.1 (5th Cir. 2000); *Justiss Oil Co., Inc. v. Kerr-McGee Refining Corp.*, 75 F.3d. 1057, 1067 (5th Cir. 1996).

activities listed under Title VII are protected from retaliation, and filing for worker's compensation is not one. *See* 42 U.S.C. § 2000e-3(a) (defining retaliation as suffering an adverse employment action "because he has opposed any practice made an unlawful employment practice by *this subchapter*") (emphases added); *compare* 5 U.S.C. § 8101 *et. seq.* (providing for workers' compensation benefits under the Federal Employees Compensation Act).

Nor can Jimenez claim that he was retaliated against for filing an internal complaint with USPS's equal employment office ("EEO"). His EEO complaint was filed *after* his demotion, which could not possibly have been the result of his EEO complaint.[2] Thus, Jimenez cannot meet the threshold for a retaliation claim because he cannot show a causal connection between his EEO complaint and his two-month demotion. *See Shirley*, 970 F.2d at 41. As Jimenez has not submitted any evidence that he engaged in a protected activity or that there was a causal connection between the protected activity and the adverse employment action, he has failed to establish a *prima facie* case of retaliation under Title VII.

Next, Jimenez argues that the district court erred in concluding that Jimenez cannot prove his claims under the Rehabilitation Act because he does not show that he suffers from a disability that substantially limits a major life activity. The Rehabilitation Act prohibits discrimination against an otherwise qualified individual with a disability in programs that receive federal funding, including employment with USPS. *See* 29 U.S.C. § 794(a). In order to bring a discrimination claim under the Rehabilitation Act, Jimenez's *prima facie* case must present some evidence that he (1) was an

---

[2] In his response to USPS's motion for summary judgment before the district court, Jimenez makes reference to two other Title VII protected activities for which he suffered an adverse employment action. One was an "EEO complaint" in 1994; another is an "EEO complaint" in March 1998, before his demotion. However, Jimenez presented no evidence of these alleged complaints in the district court.

individual with a disability; (2) was otherwise qualified; (3) worked for a program that receives federal funding; (4) and was denied the benefits of his employment or subjected to discrimination solely because of his disability. *See Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir. 1993).

The Act defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 29 U.S.C. § 705(9)(B). We look to cases and regulations interpreting the Americans with Disabilities Act to define disability under the Rehabilitation Act. *Chandler*, 2 F.3d at 1391. Jimenez contends that he is disabled because he suffers from headaches, anxiety, panic attacks, post traumatic stress disorder, stress, insomnia, cramping in his neck, ear aches, lack of concentration, gastrointestinal problems, vomiting and diarrhea, rectal bleeding, stomach pains, and diabetes. He argues that these maladies have caused him to be "substantially limited in the major life activity of working." *See* 29 C.F.R. § 1630.2(i) (listing "working" as a major life activity). However, while Jimenez establishes through medical records and physician testimony that he has a litany of medical impairments, he does not proffer evidence showing that such impairments substantially limit his ability to work.[3] *See Taylor v. Principal Fin. Group, Inc.,* 93 F.3d 155, 164 (5th Cir. 1996) (requiring showing that impairments substantially limit a major life activity, not merely that the individual is impaired). In fact, the evidence suggests the opposite. Jimenez spent sixteen years working successfully for the USPS, the very "major life activity" in which he claims to be impaired because of his disability. Once diagnosed with anxiety disorder, panic attacks, and diabetes in 1993, still he successfully fulfilled his position as supervisor until his retirement in 2001. During this time, Jimenez's received achievement awards, pay increases, and letters of appreciation from managers for

---

[3] Jimenez does not argue that his disabilities have caused him to be substantially limited in any other major life activity.

job performance. *See Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 508 (5th Cir. 2003) (noting evidence that employee retained approval by her supervisors shows her not to be limited from working); *see also Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1051 (5th Cir. 1998). His fine employment record was hardly limited by his disabilities.

Jimenez's only support that his ailments substantially limit his ability to work is the testimony of his physician, who stated that Jimenez's "afflictions affect major life activities." However, this same doctor also testified that he "did not believe that [Jimenez] was disabled as far as going to work." Additionally, to the extent that these two complained-of episodes might suggest that Jimenez is impaired in doing his job as a supervisor, we note that these were mere discreet, isolated incidents of workplace strife, which do not amount to a disability under the Rehabilitation Act. *See Hamilton*, 136 F.3d at 1051 ("[T]emporary, non-chronic impairments of short duration, with little or no permanent long-term impact, are usually not disabilities."). Thus, we agree with the district court that Jimenez has failed to establish a *prima facie* case of a claim under the Rehabilitation Act.

For the foregoing reasons, we AFFIRM the judgment of the district court.