◼ BETTIE J. RICE, Appellant, v UNIVERSITY OF ROCHESTER MEDICAL CENTER et al., Respondents. [849 NYS2d 134]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered March 22, 2007. The order, insofar as appealed from, granted the motions of defendant University of Rochester Medical Center to dismiss the complaint and amended complaint against it and granted the motion of defendant Long Acre Farms, LLC to dismiss plaintiff's punitive damages claim against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained while attending a team building event that was organized by her former employer, defendant University of Rochester Medical Center (URMC). The event took place on property owned by defendant Long Acre Farms, LLC (Long Acre), and plaintiff injured her tailbone when she landed in a hole at the bottom of a slide while participating in the event. Plaintiff alleged that, as a result of her injuries, "her ability to resume her prior work for [URMC] became limited." Approximately 21 months after she was injured, plaintiff's employment with URMC was terminated.

URMC moved to dismiss the complaint and the "amended"

complaint, which merely supplemented the original complaint, against it for failure to state a cause of action (see CPLR 3211 [a] [7]). We conclude that Supreme Court properly granted the motions. We reject plaintiff's contention that the negligence cause of action against URMC fell within the intentional injury exception to the exclusivity provisions of Workers' Compensation Law § 11. According to plaintiff, the intentional act of her supervisor in failing to attend the team building event was the proximate cause of plaintiff's injury. To state a cause of action against an employer pursuant to the intentional injury exception, however, plaintiff was required to allege that her employer engaged in conduct "with the desire to bring about the consequences of the act" (Finch v Swingly, 42 AD2d 1035, 1035 [1973]; see Ferguson v Davis Auto World, 207 AD2d 991 [1994]) and, here, plaintiff failed to allege, nor could she allege, that her supervisor intentionally avoided the team building event because he knew that his failure to attend the event would cause plaintiff to injure her tailbone. Plaintiff also failed to state a cause of action against URMC for retaliatory discharge based upon her Workers' Compensation claim because plaintiff's sole remedy for such a retaliatory discharge is to file a complaint with the Workers' Compensation Board (see Workers' Compensation Law § 120; see also Burlew v American Mut. Ins. Co., 63 NY2d 412, 416 [1984]). Further, the court properly determined that plaintiff failed to state a cause of action against URMC for racial discrimination. Plaintiff failed to allege that she was qualified to hold the position that she held with URMC at the time of her termination and thus failed to state a material element of the cause of action (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]). We decline to exercise our discretion to grant plaintiff leave to replead because, viewing the record as a whole, we conclude that "plaintiff cannot plead a sound cause of action" for racial discrimination (Hornstein v Wolf, 67 NY2d 721, 723 [1986]; cf. Keeler v Galaxy Communications, LP, 39 AD3d 1202 [2007]).

Contrary to plaintiff's further contention, the court properly granted the motion of Long Acre to dismiss plaintiff's punitive damages claim against it. Plaintiff's allegations against Long Acre rise only to the level of ordinary negligence, and "punitive damages are not available for ordinary negligence" (Munoz v Puretz, 301 AD2d 382, 384 [2003]; see Buckholz v Maple Garden Apts., LLC, 38 AD3d 584 [2007]; Peltier v Wakhloo, 20 AD3d 870 [2005]; Gravitt v Newman, 114 AD2d 1000, 1002 [1985]). Present—Gorski, J.P., Martoche, Lunn, Fahey and Pine, JJ.