■ ANGELO IANNONE, Appellant, v ING FINANCIAL SERVICES, LLC, et al., Respondents. [853 NYS2d 339]—

Plaintiff, a stock trader employed by defendants, was tape-recorded apparently discussing the purchase and use of illegal drugs on defendants' premises. When confronted with this information, plaintiff initially stated that his conversation was taken "out of context." The employer suspended plaintiff and

gave him an opportunity to place the conversation "in context." The next day, after reviewing a transcript of the recording, plaintiff sent an e-mail stating that he realized he was addicted to illegal drugs and needed to seek immediate medical and psychiatric treatment to help him stop. This communication requested an accommodation to pursue a drug rehabilitation program, which might require him to seek personal time off. Instead, defendants immediately terminated plaintiff's employment by telephone. Plaintiff protested the firing in a subsequent e-mail, alleging that his rights were violated by the employer.

In the case of drug addiction, the term "disability" is applicable only to a person who is recovering or has recovered, and is currently free of such abuse; it does not include an individual who is currently engaging in the illegal use of drugs (Administrative Code of City of NY § 8-102 [16] [c]). The General Regulations of the New York State Division of Human Rights similarly provide that drug addiction is a disease, and a "recovered/recovering" addict is entitled to protection under the Human Rights Law, whereas a current drug abuser is not (9 NYCRR 466.11 [h] [1]). Where the employer has knowledge of the current use of illegal drugs, the employee is not entitled by law to an accommodation for treatment, and may be terminated (9 NYCRR 466.11 [h] [4]). Here, plaintiff admitted in his e-mail that he could not stop his illegal drug use without professional assistance, which he had not yet received, and thus he did not qualify for an accommodation since he was abusing drugs at the time of his termination.

Plaintiff's retaliation claim was also properly dismissed. His first complaint about a violation of his rights came after he was terminated, so the firing could not have been in retaliation for complaints or opposition to discrimination by the employer. Concur—Lippman, P.J., Gonzalez, Sweeny and Catterson, JJ.