■ HELEN BROOK, Respondent, v OVERSEAS MEDIA, INC., Appellant. [893 NYS2d 37]—

Plaintiff's allegation that defendant terminated her employment "because of her perceived and/or actual disability and in retaliation for her having filed a Workers' Compensation claim" does not state a cause of action for retaliatory discharge under the New York City Human Rights Law (see Administrative Code of City of NY § 8-107 [7]). The mere filing of a claim for workers' compensation is not a "protected activity" within the meaning of that provision, because it does not constitute "opposing or complaining about unlawful discrimination" (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 313 [2004]; Jimenez v Potter, 211 Fed Appx 289, 290 [5th Cir 2006] [filing of a workers' compensation claim not a protected activity under title VII of the Civil Rights Act of 1964 (42 USC § 2000e-3 [a])]). Plaintiff's sole remedy for retaliatory discharge in violation of Workers' Compensation Law § 120 is to file a complaint with the Workers' Compensation Board (Rice v University of Rochester Med. Ctr., 46 AD3d 1421 [2007]). Even when the complaint is liberally construed to allege that plaintiff's employment was terminated in retaliation for requesting an accommodation for her disability, it does not state a cause of action because it fails to allege that she opposed her employer's discriminatory failure to make reasonable accommodation (see Forrest, 3 NY3d at 313; Iannone v ING Fin. Servs., LLC, 49 AD3d 391 [2008], lv dismissed 11 NY3d 808 [2008]; Unotti v American Broadcasting Cos., 273 AD2d 68 [2000]). Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and Abdus-Salaam, JJ. **[Prior Case History: 2008 NY Slip Op 30714(U).]**