■ ROBIN GROVESTEEN, Appellant, v NEW YORK STATE PUBLIC EMPLOYEES FEDERATION, AFL-CIO, Respondent. [921 NYS2d 700]—

Peters, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered March 30, 2010 in St. Lawrence County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1985, plaintiff was hired as a field representative by defendant, a union representing various professional, scientific and technical employees of New York State. In that capacity, she was responsible for providing assistance, support and training to defendant's union members in Region 7, which encompasses all of Northern New York. Although Region 7 is one of the smallest regions with regard to the number of union members, it accounts for the largest geographic and most widely member-dispersed region in the state. In December 1995, plaintiff stopped working after suffering an emotional breakdown caused by the stress of learning that a difficult union member, with whom she had previously dealt for two years and felt harassed by, would be returned to her caseload because of his transfer by the state to a facility within her region. As a result, plaintiff thereafter received workers' compensation benefits.

In 1998, plaintiff commenced this action alleging violations of the Human Rights Law (see Executive Law § 290 et seq.) arising from incidents occurring during the course of her employment. Specifically, plaintiff asserted causes of action* for disparate treatment on the basis of gender, sexual harassment and retaliation. In support of her disparate treatment claim, plaintiff alleged that because of her gender, she was, among other things, denied separate office space, required to conduct excessive training sessions, forced to cover work assignments in other regions, and denied direction, assistance and support from her supervisors—particularly with respect to issues that she had with her

* Supreme Court dismissed two other causes of action—one alleging failure to make reasonable accommodations for her disability and the other seeking an award of counsel fees—upon defendant's pre-answer motion to dismiss for failure to state a cause of action. That order is not before us.

secretary, the regional coordinator and a difficult union member. With regard to the sexual harassment cause of action, plaintiff alleged that the director of field services at the time she was hired, who eventually became her direct supervisor, made disparaging sexual remarks about her at the onset of her employment in 1985 and, when she thereafter requested assistance in dealing with harassment from a difficult union member, he responded with his own sexually harassing comments. Furthermore, plaintiff asserted that the elected regional coordinator in her region, who was a union member, created a sexually hostile environment by, among other things, voicing his opinion that plaintiff was hired because of her sexual relationship with another field representative and making inappropriate comments about her attire. According to plaintiff, inadequate action was taken by her supervisors in response to her complaints. Finally, plaintiff asserted that, due to her disability and exercise of her rights under the Human Rights Law, defendant retaliated against her by, among other things, closing the Region 7 office in 1996 and contesting her claim for workers' compensation benefits.

Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, finding that the statute of limitations precluded consideration of any alleged incidents prior to February 1995 and that the remaining incidents did not substantiate unlawful discrimination. This appeal ensued.

We first address plaintiff's claim of sexual discrimination. To prevail on its summary judgment motion, defendant "must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for [its] challenged actions, the absence of a material issue of fact as to whether [its] explanations were pretextual" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]).

Here, although plaintiff, as a woman, is a member of a protected class, the evidence was insufficient to establish a prima facie case of sexual discrimination or harassment. Even considering the totality of the alleged incidents in a light most favorable to plaintiff, the terms and conditions of her employment, which clearly caused her stress and frustration, were not so severe and pervasive as to create an adverse employment action in support of her claim of disparate treatment based on gender (*see id.* at 306; *Matter of Washington County v New York State Div. of Human Rights*, 7 AD3d 895, 896 [2004]). Nor is there sufficient evidence to demonstrate that the conduct so

permeated the workplace and altered the conditions of her employment as to support the claim of sexual harassment based on a hostile work environment (see Forrest v Jewish Guild for the Blind, 3 NY3d at 310; Thompson v Lamprecht Transp., 39 AD3d 846, 847-848 [2007]; Mauro v Orville, 259 AD2d 89, 91 [1999], lv denied 94 NY2d 759 [2000]; see also Faragher v Boca Raton, 524 US 775, 786 [1998]; Alfano v Costello, 294 F3d 365, 376-381 [2d Cir 2002]). Indeed, while plaintiff's allegations demonstrate the existence of personality conflicts and disagreements with the management's style, as well as the inherent demands and autonomous nature of being the only field representative in a large remote geographic region, the record does not demonstrate any material adverse change in her employment as a result of the alleged conduct warranting the inference of a discriminatory motivation (see Forrest v Jewish Guild for the Blind, 3 NY3d at 306-307).

Plaintiff's retaliation cause of action was also properly dismissed. Plaintiff's sporadic complaints during her employment are insufficient to establish that she was engaged in a protected activity, particularly given the fact that no formal claim of unlawful discrimination was made until after the allegedly retaliatory action occurred (see Singh v State of N.Y. Off. of Real Prop. Servs., 40 AD3d 1354, 1357 [2007]). Furthermore, an employer's exercise of its right to challenge a workers' compensation claim cannot be linked to a retaliatory motivation (see Brook v Overseas Media, Inc., 69 AD3d 444, 445 [2010]).

Plaintiff's remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be unpersuasive.

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.