Order, Supreme Court, New York County (Richard F. Braun, J.), entered August 7, 2013, which, insofar as appealed from as limited by the briefs, denied defendant’s motion for summary judgment dismissing the complaint’s first, second, fourth, and fifth causes of action, unanimously modified, on the law, to dismiss the complaint’s second and fifth causes of action for retaliation under the State and City Human Rights Laws and to dismiss so much of the first and fourth causes of action as asserts claims for disability discrimination premised on theories other than defendant’s failure to reasonably accommodate plaintiffs disability, and otherwise affirmed, without costs.
Plaintiff is a registered nurse and nurse practitioner specializing in critical care. She suffers from a neurological disorder *450 for which she was treated with deep brain stimulus (DBS) through electrodes permanently implanted in her brain. Plaintiffs DBS system is sensitive to electromagnetic radiation such as that emitted by magnetic resonance imaging systems.
The record indicates that, on November 2, 2007, the parties reached an agreement to accommodate plaintiffs disabling condition by having her assigned to work exclusively in the hospital’s cardiothoracic intensive care unit (CTICU).
In light of, among other evidence, plaintiffs testimony that, during the months after she was mistakenly assigned to work in defendant’s medical intensive care unit (MICU), defendant frequently cancelled her work assignments and ultimately ceased offering her work altogether, for purposes of plaintiffs claim of disability-based discrimination under the New York State and City Human Rights Laws (HRL), issues of fact exist as to whether plaintiff suffered an adverse employment action under the State HRL (see Messinger v Girl Scouts of U.S.A., 16 AD3d 314, 314-315 [1st Dept 2005]) or was treated differently under the City HRL (see Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]).
Plaintiffs claims of disability-based employment discrimination must nonetheless be dismissed, however, as she has failed to point to evidence raising an inference of discriminatory animus (see Matter of McEniry v Landi, 84 NY2d 554, 558 [1994]; Askin, 110 AD3d at 622). Remarks by hospital staff testified to by plaintiff, to the effect that she had “brought [her situation] upon [herself]” and should “take [her] assets elsewhere” were not of themselves derogatory or indicative of discriminatory animus. At most, plaintiff has shown only “[sjtray remarks” which, “even if made by a decision maker, do not, without more, constitute evidence of discrimination” (Melman v Montefiore Med. Ctr., 98 AD3d 107, 125 [1st Dept 2012]). Plaintiffs testimony that unidentified persons laughed at her “behind [her] back” likewise does not raise an issue of fact as to discriminatory animus (see Chertkova v Connecticut Gen. Life Ins. Co., 92 F3d 81, 91 [2d Cir 1996]).
Plaintiff’s complaint about defendant’s alleged failure to implement the parties’ agreement to accommodate her disability (as distinct from her initial request for an accommodation) does constitute a protected activity for purposes of her State and City HRL claims of retaliation (see Brook v Overseas Media, Inc., 69 AD3d 444, 445 [1st Dept 2010]; cf. Witchard v Montefiore Med. Ctr., 103 AD3d 596, 596 [1st Dept 2013], lv denied 22 NY3d 854 [2013]). As evidence of a causal nexus between her complaint and the alleged adverse action under the State HRL *451 (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]) or disadvantageous action under the City HRL (see Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]), however, plaintiff points to the same constellation of evidence which she relies upon in support of her claim of disability discrimination. These factors do not constitute evidence of retaliatory animus for the same reasons.
Plaintiff essentially concedes that defendant engaged in the requisite good faith interactive process in arriving at an agreement to accommodate her disability by assigning her exclusively to work in the CTICU (see Phillips v City of New York, 66 AD3d 170, 176 [1st Dept 2009]). Issues of fact exist, however, as to whether defendant failed to implement the agreement, by, among other things, as testified to by plaintiff, frequently cancelling her work assignments and ultimately ceasing to assign her work altogether.
Finally, the exclusivity provisions of the Workers’ Compensation Law do not preclude plaintiffs claim for personal injuries she allegedly sustained as a result of defendant’s violations of the State and City HRL, including by exposure to electromagnetic interference in the MICU on November 10, 2007 (see Matter of Grand Union Co. v Mercado, 263 AD2d 923, 925 [3d Dept 1999]; Belanoff v Grayson, 98 AD2d 353, 357-358 [1st Dept 1984]). Concur — Mazzarelli, J.P, Sweeny, DeGrasse, Freedman and Gische, JJ.