D'Amico v City of New York (2018 NY Slip Op 02003)





D'Amico v City of New York


2018 NY Slip Op 02003


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Tom, J.P., Webber, Oing, Moulton, JJ.


6060 153463/16

[*1]Steven M. D'Amico, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.


Milman Labuda Law Group PLLC, Lake Success (Netanel Newberger of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered January 9, 2017, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the amended verified complaint for failure to state a claim, unanimously modified, on the law, to deny so much of the motion that seeks dismissal of plaintiff's claims for disability discrimination under the New York State and New York City Human Rights Laws (State and City HRLs), and otherwise affirmed, without costs.
Plaintiff sanitation worker suffered a hand injury on the job, and, on the basis of his doctors' recommendations, requested a reasonable accommodation of light duty. According to plaintiff, the light duty could have consisted of pairing him with another Department of Sanitation employee and permitting him to drive a truck while the coworker did the heavy lifting. However, defendants responded by terminating him.
Liberally construing the facts alleged in the amended verified complaint and according that pleading the benefit of every possible favorable inference (see Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]), plaintiff has adequately pleaded claims for disability discrimination under a theory of failure to accommodate under the State and City HRLs (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 834 [2014]). Notably, there is no indication that following plaintiff's request for light duty, defendants entered into an interactive dialogue with him in an attempt to reach some reasonable accommodation (see Phillips v City of New York, 66 AD3d 170, 176 [1st Dept 2009]).
The motion court properly held that plaintiff failed to allege that he engaged in any protected activity as a predicate for his retaliation claims. Neither plaintiff's request for a reasonable accommodation (see Witchard v Montefiore Med. Ctr., 103 AD3d 596 [1st Dept 2013], lv denied 22 NY3d 854 [2013]; Brook v Overseas Media, Inc., 69 AD3d 444, 445 [1st Dept 2010]) nor his filing of an internal workers' compensation claim constitutes
protected activities for purposes of the State and City HRLs (see Brook at 445; Pezhman v City of New York, 47 AD3d 493, 494 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK