OPINION OF THE COURT
Bentley Kassal, J.
Plaintiff had undergone a heart by-pass operation and a surgical clamp was inadvertently left in his chest cavity. It was located only after the operation. During the course of the operation, the patient’s heartbeat became critically erratic and, although the surgical team had discovered that a clamp was missing, the chief surgeon decided to close and suture the patient’s chest immediately in order to save his life. His testimony was to the effect that time was of the essence.
Plaintiff’s counsel requested, in substance, that the court charge the jury that these acts constituted negligence as a matter of law, which request was denied. He then took *609 exception to this refusal and to the court’s charge, which was given, based upon the doctrine of res ipso loquitur, as contained in the Pattern Jury Instructions.
FACTS
It was undisputed that, at the conclusion of the by-pass procedure, a bulldog clamp, properly used during the operation, remained within the plaintiff’s chest and that, in the normal course of events, no clamp should have been permitted to remain in his chest. Having established this evidence, I found that plaintiff had satisfied his burden of going forward to establish a prima facie case of negligence in the course of the operative procedure by reason of the presence of the clamp. Subsequently, as part of his defense, the defendant surgeon had offered an explanation as to the circumstance under which the clamp had been left in the plaintiff’s chest.
In essence, the uncontroverted evidence was that after an eight-hour operation the plaintiff’s pulse had sharply shifted from being fairly stable to highly erratic, thereby necessitating the immediate emergency treatment, consisting of shocking of the heart by “paddles”. It was then discovered that one of the clamps was missing.
A search was made in the linen and the operating room and the plaintiff was quickly examined to see whether the clamp had fallen within the pleural cavity. It was decided that it had not. The chief surgeon testified that upon reaching across plaintiff’s heart to see whether the clamp was present, the plaintiff’s vital signs reacted critically. He decided, on balance, that in view of the patient’s condition, further search efforts to locate the clamp had to be abandoned and that the patient’s chest be closed immediately. There was testimony that the risks to the plaintiff’s health from leaving the clamp in his chest were relatively minimal while the risks of continuing the search were grave.
CHARGE
The charge given to the jury with respect to the doctrine of res ipso loquitur is essentially the same as that found in *610 the PJI 2:65. However, in view of the fact that approximately 10 people were present in the operating room at the time of the operation, this charge was modified to eliminate any reference to “exclusive control of the instrumentality”, which would unnecessarily confuse the jury with respect to the doctrine.
CONCLUSION
Unquestionably, in this fact pattern, the plaintiff is entitled to a charge based on the doctrine of res ipso loquitur. The presence of a clamp, a foreign body, in the plaintiff’s chest at the conclusion of the operation is clearly prima facie evidence of negligence. However, since the defendants did produce substantial evidence presenting an explanation for such loss, the jury might conclude that the presence of the clamp resulted from proper emergency actions taken to save the plaintiff’s life and, as such, might or might not constitute negligence.
Under these circumstances, if the jury did accept the testimony of the defendants, there was sufficient evidence to rebut any inference of negligence. The inference which originally arose from the presence of a foreign object in the plaintiff’s chest at the conclusion of the operation would then be destroyed. (Blackburn v Baker, 227 App Div 588.) To have given a stronger charge, as requested, would have unfairly and improperly suggested to the jury in determining this issue, they should disregard the evidence presented by the defendants.
Accordingly, I find that under the circumstances the exception taken to my charge lacks merit and I decline to so charge.