■ LINDA GRAVITT, Respondent, v ROGER NEWMAN et al., Appellants.—In a medical malpractice action, defendants Newman and St. Luke's Hospital appeal from an order of the Supreme Court, Orange County (Walsh, J.), dated November 23, 1983, which granted plaintiff's motion for summary judgment on the issue of liability, and from so much of a further order of the same court dated May 2, 1984, as, upon granting defendants' motion for reargument, adhered to its original determination concerning liability but modified the earlier order so as to provide that plaintiff could seek punitive damages against defendants.

Appeal from the order dated November 23, 1983 dismissed, without costs or disbursements. Said order was superseded by the order granting reargument.

Order dated May 2, 1984 reversed, insofar as appealed from, without costs or disbursements, order dated November 23, 1983 vacated and matter remitted to the Supreme Court, Orange County, for further proceedings consistent herewith.

Plaintiff contends that during the course of a surgical procedure designed to remove varicose veins from her right leg, a certain portion of a surgical instrument, namely, the tip of an internal vein stripper, was not removed from the site of the operation prior to the completion of the surgical procedure. Immediately subsequent to the operation it was discovered that the tip of the internal vein stripper could not be located; an X ray revealed the presence of a foreign body in the right leg and a second procedure was thereafter performed and the metal tip was retrieved.

On these facts plaintiff has demonstrated a sufficient evidentiary basis for invoking the doctrine of res ipsa loquitur *(Blackburn v Baker,* 227 App Div 588; *Prooth v Wallsh,* 105 Misc 2d 608; *see, Pipers v Rosenow,* 39 AD2d 240, 243). The evidentiary effect of the invocation of the doctrine of res ipsa loquitur creates a permissible inference of negligence from the facts and circumstances of the case in question *(see, Weeden v*

*Armor Elevator Co.,* 97 AD2d 197, 204; *Shapiro v Art Craft Strauss Sign Corp.,* 39 AD2d 696) and there may be cases where such prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable if not rebutted by other evidence *(George Foltis, Inc. v City of New York,* 287 NY 108, 121; *Horowitz v Kevah Konner, Inc.,* 67 AD2d 38, 41).

In opposition to a motion by plaintiff for summary judgment on the issue of liability, defendant Newman, by affidavit, averred that he had completed the surgical procedure in question and had closed the wound before he was advised by Ellen Bachman, operating room technician employed by defendant St. Luke's Hospital and the sole person responsible for maintaining count of equipment used during the surgical procedure, that the tip of a vein stripper was missing and might have fallen to the floor of the operating room. Bachman averred in her affidavit submitted in opposition on behalf of the defendant hospital that she had counted the equipment used; that she had seen a vein stripper in defendant Newman's hands and that she had seen that the tip was missing. She further averred that at that time and prior to the closure of plaintiff's wound, she informed defendant Newman that the tip of the vein stripper could not be located. Under these circumstances and with respect to the alleged departure from accepted medical practice, there exists a serious factual question as to who is the responsible party for such departure and any subsequent injuries to plaintiff. Defendant surgeon says that he visually examined and palpated the operative site prior to closure; that he saw no evidence of any abnormal condition; that after closure he was advised that the tip of the vein stripper was missing and that the procedure he then followed was in the patient's best interest and in accord with good and accepted medical practice.

The operating room technician, however, indicates that she had kept proper count of the instruments used during the surgical procedure; that she noted that the tip was missing and that she promptly and timely notified the surgeon of that fact. Accordingly, each defendant has refuted the inference of his or her own negligence and indicates that the other was the negligent party. Since plaintiff bears the initial burden of establishing evidence sufficient to eliminate all triable issues of fact, and since plaintiff has not set forth sufficient uncontroverted facts for the court to determine as a matter of law who was liable for the occurrence in question, plaintiff's motion for

summary judgment on the issue of liability should have been denied.

We further note that the direction by the court, on its own motion, to allow a trial on the issue of the award of punitive damages was error. Plaintiff had not originally pleaded such claim for punitive damages, nor did she cross-move for such relief (CPLR 2215) and clearly the failure to give proper notice to defendants of a claim for punitive damages constituted prejudice.

On the merits, punitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tort-feasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or are activated by evil or reprehensible motives (*Walker v Sheldon,* 10 NY2d 401; *Cohen v New York Prop. Ins. Underwriting Assn.,* 65 AD2d 71; *see also, Hollender v Trump Vil. Coop.,* 97 AD2d 812). Plaintiff has made no allegations beyond those of ordinary negligence or malpractice as would constitute the basis for an award of punitive damages. Accordingly, we also reverse that portion of the order of Special Term which permitted proof as to such claim. Mangano, J. P., Gibbons, Bracken and O'Connor, JJ., concur.