■ JANET SANDERS, as Administratrix c. t. a. of the Estate of BRADLEY SANDERS, Deceased, Respondent, v NEW ROCHELLE HOSPITAL MEDICAL CENTER et al., Appellants. [611 NYS2d 205] — In an action to recover damages for pain and suffering and wrongful death, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered March 27, 1992, as granted the plaintiff's cross motion for leave to amend the ad damnum clause to the first cause of action in the complaint by adding a demand for punitive damages.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the plaintiff's cross motion for leave to add a demand for punitive damages is denied.

The deceased, who was being treated for a variety of ailments, both physical and psychiatric, was fatally injured as a result of burns received while he was a patient in the defendant hospital. During the course of his treatment, he was continually supplied with oxygen, which is highly flammable.

The plaintiff, the Administratrix *c. t. a.* of the decedent's estate, sought to amend the ad damnum clause to add a demand for punitive damages.

"On the merits, punitive damages are available for the purpose of vindicating a public right only when the actions of the alleged tort-feasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public

generally or are activated by evil or reprehensible motives" *(Gravitt v Newman,* 114 AD2d 1000, 1002; *see also, Zabas v Kard,* 194 AD2d 784). The plaintiff has made no allegations beyond those of ordinary negligence *(see, e.g., Gunnarson v State of New York,* 95 AD2d 797) as would constitute the basis of an award for punitive damages. Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.