■ VERA EDWARDS et al., Respondents, v MERCY HOME FOR CHILDREN AND ADULTS, INC., et al., Appellants, et al., Respondent. [755 NYS2d 732] —In an action to recover damages for personal injuries, etc., the defendants Mercy Home for Children and Adults, Inc., and Kelvin Davis appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated January 3, 2002, as denied their motion for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the complaint and cross claims insofar as asserted against the defendant Mercy Home for Children and Adults, Inc., and substituting therefor a provision granting that branch of the motion and dismissing the complaint and cross claims insofar as asserted against the defendant Mercy Home for Children and Adults, Inc.; as so modi-

fied, the order is affirmed insofar as appealed from, with costs to the defendant Mercy Home For Children and Adults, Inc., and the action against the remaining defendant is severed.

The injured plaintiff, a nurse employed at St. Joseph's Hospital (hereinafter the hospital), allegedly was attacked at the hospital by the defendant Kelvin Davis while she attempted to insert a medical device into his arm. Davis, a long-time resident of the defendant Mercy Home for Children and Adults, Inc. (hereinafter Mercy), who was over 21 years of age and diagnosed as profoundly retarded and very aggressive, was on medication for his obsessive compulsive behavior.

Davis was admitted to the hospital for diagnosis and treatment of his violent outbursts. The hospital was experienced in treating mentally-retarded persons and had a unit for mentally-retarded or developmentally-disabled persons where the staff was trained to deal with such patients.

At the time of the incident, the direct care worker employed by Mercy, who was trained to restrain Davis, was not in Davis's hospital room. The only person in the room during the incident other than the injured plaintiff and Davis was a residence nurse employed by a group home affiliated with Mercy, who was there to visit Davis and to obtain nursing and doctor information.

To prove a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was the proximate cause of his or her injuries (see *Pulka v Edelman,* 40 NY2d 781 [1976]; *Gordon v Muchnick,* 180 AD2d 715 [1992]). Absent a duty of care, there is no breach and no liability (see *Pulka v Edelman, supra*; *Gordon v Muchnick, supra*).

Generally, the law does not impose a duty to control the conduct of third persons to prevent them from harming others, even where, as a practical matter, the defendant could have exercised such control (see *Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8 [1988]; *D'Amico v Christie,* 71 NY2d 76, 88 [1987]). However, courts have imposed a duty to control the conduct of others where there is a special relationship between the defendant and the plaintiff, requiring the defendant to protect the plaintiff from the conduct of others (see *Purdy v Public Adm'r of County of Westchester, supra* at 8; *Pulka v Edelman, supra* at 783). Examples of special relationships include employers and employees, parents and children, and common carriers and their patrons (see *Purdy v Public Adm'r of County of Westchester, supra*; *Nolechek v Gesuale,* 46 NY2d 332 [1978]; *Pulka v Edelman, supra*).

Mercy contends that it did not owe a duty of care to the injured plaintiff. We agree. The record does not support the existence of any special relationship between the injured plaintiff and Mercy which would impose a duty of care on her behalf. As such, Mercy established its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it by demonstrating that it owed no duty to the injured plaintiff, and the injured plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court erred in denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Mercy.

Although the motion for summary judgment was made on behalf of Mercy and Davis, the moving papers solely addressed the issue of whether Mercy owed a duty of care to the injured plaintiff, and were devoid of any allegations or assertions with respect to Davis. Accordingly, Davis did not demonstrate his prima facie entitlement to summary judgment, since the moving papers failed to set forth any evidentiary facts in support of such relief (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Santucci, J.P., S. Miller, Goldstein and Cozier, JJ., concur.