■ EUGENE R. ANDERSON et al., Appellants, v GORDON ELLIOTT et al., Respondents, et al., Defendants. [807 NYS2d 101]—

In an action, inter alia, to recover damages for private

nuisance, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated July 28, 2004, as amended, as, upon converting the motion of the defendants Gordon Elliott, Gordon Elliott Productions, Inc., Millbrook Media Corp., Follow Productions, Inc., and 63 Willow Lane Corp., joined in by the defendants Food Network and Scripps Networks, Inc., to dismiss the complaint pursuant to CPLR 3211 (a) (7), into a motion for summary judgment, pursuant to CPLR 3211 (c), granted those branches of the motion which were to dismiss the second cause of action to recover damages for private nuisance and the claim for punitive damages, and denied their cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendants Gordon Elliott, Gordon Elliott Productions, Inc., Millbrook Media Corp., Follow Productions, Inc., and 63 Willow Lane Corp.

The defendant Gordon Elliott is an officer of the defendants Gordon Elliott Productions, Inc., Millbrook Media Corp., Follow Productions, Inc., and 63 Willow Lane Corp. (hereinafter the Elliott defendants). The defendant Food Network is a cable television network operated by the defendant Scripps Networks, Inc.

The defendant 63 Willow Lane Corp. purchased a residential property at 63 Willow Lane for the purpose of filming a television program. Willow Lane is located in the plaintiffs' residential neighborhood in the Town of Clinton, Dutchess County. The Town's zoning laws prohibit commercial use of the property.

The filming occurred on the property over the course of several months on four separate occasions. After each of the first two filmings, the Town Zoning Enforcement Officer informed Gordon Elliott about the zoning violations and ordered him to cease and desist.

The plaintiffs, as taxpayers and owners of property on Willow Lane, brought an action alleging a violation of the Town's zoning laws, to recover damages for private nuisance, and seeking punitive damages. They claimed that the presence of an excessive number of cars, a dumpster, mattresses, and flood lights diminished the values of their properties and their use and enjoyment of the properties. Shortly after the plaintiffs commenced this action, the defendants filmed on one additional occasion. Subsequently, the defendants ceased their filming, removed all of their equipment and materials, and listed the property for sale.

The Supreme Court properly granted that branch of the motion which was to dismiss the second cause of action to recover

damages for private nuisance. To recover damages based on the tort of private nuisance, a plaintiff must establish an interference with the use or enjoyment of land, substantial in nature, intentional or negligent in origin, unreasonable in character, and caused by the defendants' conduct (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 568 [1977]; *Ward v City of New York*, 15 AD3d 392 [2005]; *Weinberg v Lombardi*, 217 AD2d 579 [1995]). The alleged disturbance that was caused by the defendants' television filming on several occasions did not, as a matter of law, rise to the level of substantial interference with the plaintiffs' use and enjoyment of their properties as to constitute a private nuisance (*see Ruscito v Swaine, Inc.*, 17 AD3d 560, 561 [2005], *lv denied* 5 NY3d 704 [2005], *cert denied* — US —, 126 S Ct 557 [Oct. 31, 2005]; *Pearlman v Simons*, 276 AD2d 762 [2000]; *cf. Zimmerman v Carmack*, 292 AD2d 601 [2002]).

Furthermore, the Supreme Court properly dismissed the claim, inter alia, based on the alleged private nuisance, seeking punitive damages. The complaint failed to allege facts demonstrating such a high degree of moral culpability as to warrant such damages. Moreover, there was no allegation that the acts complained of were calculated or done with a malicious intent to injure the plaintiffs (*see Kelly v Defoe Corp.*, 223 AD2d 529, 530 [1996]; *Jakobsen v Wilfred Labs.*, 99 AD2d 525, 527 [1984]).

Since the proposed amended allegations did not add any information of significance, the cross motion for leave to serve an amended complaint was properly denied (*see Flynn v Sinclair Oil Corp.*, 14 NY2d 853 [1964]). Although the Supreme Court erred in considering the affidavit of the Elliott defendants' real estate agent without giving notice to the parties (*see* CPLR 3211 [c]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]; *Sopesis Constr. v Solomon*, 199 AD2d 491, 492 [1993]), the Supreme Court had an additional ground for determining that there was no factual basis that the defendants' activities caused a decrease in the plaintiffs' property values. It was undisputed that the activities "were short lived and [had] ceased" and that the defendants removed all of their materials and equipment without leaving any permanent changes to the property. Accordingly, the plaintiffs failed to allege sufficient facts to support a cause of action for special damages in order to maintain their proposed amendment for a private action to enjoin a zoning violation (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Allen Avionics v Universal Broadcasting Corp.*, 118 AD2d 527 [1986], *affd* 69 NY2d 406 [1987]; *Guzzardi v Perry's Boats*, 92 AD2d 250, 253 [1983]). Cozier, J.P., Krausman, Goldstein and Skelos, JJ., concur.