■ GEORGE N. ARONIS, Respondent, v TLC VISION CENTERS, INC., et al., Defendants, and TLC VISION CORPORATION et al., Appellants. [853 NYS2d 621]—

The Supreme Court should have granted those branches of the respective motions of the defendant Eric Donnenfeld and the defendants TLC Vision Corporation, Laser Vision Centers, Inc., TLC The Laser Center (Northeast), Inc., TLC Laser Eye Centers (Garden City), and Lori Landrio (hereinafter collectively the defendants) which were pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's third cause of action to recover punitive damages insofar as asserted against each of them. "New York does not recognize an independent cause of action for punitive damages" (*Randi A. J. v Long Is. Surgi-Ctr.*, 46 AD3d 74, 80 [2007]; *see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616 [1994]; *Grazioli v Encompass Ins. Co.*, 40 AD3d 696, 698 [2007]; *Yong Wen Mo v Gee Ming Chan*, 17 AD3d 356, 359 [2005]; *Schwegel v Chiaramonte*, 4 AD3d 519, 521 [2004]). Moreover, "punitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tort-feasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the pubic generally or are activated by evil or reprehensible motives" (*Gravitt v Newman*, 114 AD2d 1000, 1002 [1985]; *see Nooger v Jay-Dee Fast Delivery*, 251 AD2d 307 [1998]; *Spinosa v Weinstein*, 168 AD2d 32, 42-43 [1991]). Here, the plaintiff's allegations amount to nothing more than allegations of mere negligence (*see Sanders v New Rochelle Hosp. Med. Ctr.*, 203 AD2d 550 [1994]; *Zabas v Kard*, 194 AD2d

784 [1993]; *Spinosa v Weinstein*, 168 AD2d at 43; *Gravitt v Newman*, 114 AD2d 1000 [1985]) and do not rise to the level of moral culpability necessary to support a claim for punitive damages (*see Anderson v Elliott*, 24 AD3d 400 [2005]; *Nooger v Jay-Dee Fast Delivery*, 251 AD2d 307 [1998]; *Zabas v Kard*, 194 AD2d 784 [1993]).

The Supreme Court also should have granted those branches of the defendants' respective motions which were to strike the prejudicial and inflammatory language in the plaintiff's bills of particulars, as that language was directed to his claim for punitive damages (*see* CPLR 3024 [b]). Mastro, J.P., Fisher, Dillon and McCarthy, JJ., concur.