■ TOWER INSURANCE COMPANY OF NEW YORK, as Subrogee of Main Street L.I., Inc., Appellant, v HANDS ACROSS LONG ISLAND, INC., Respondent. [50 NYS3d 112]—

In a subrogation action, inter alia, to recover damages for negligence and breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), entered January 29, 2015, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging negligence and breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 3, 2009, a fire occurred in the Coventry Village Apartments (hereinafter the Coventry apartments) in Central Islip. The fire allegedly was caused by a discarded cigarette in the bedroom of apartment No. 3. The defendant is a nonprofit organization which provides support to individuals with mental illnesses. The defendant leased several units in the Coventry apartments, including apartment No. 3, from the plaintiff's insured, Main Street L.I., Inc. (hereinafter Main Street). The defendant then subleased apartment No. 3 to an individual who participated in the defendant's program (hereinafter the tenant).

Following the fire, the plaintiff commenced this action, as Main Street's subrogee, to recover damages for, inter alia, negligence and breach of contract. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted those branches of the defendant's motion which were for summary judgment dismissing the negligence and breach of contract causes of action.

Whether a defendant owes a duty of care to another person is a question of law for the courts (see Davis v South Nassau Communities Hosp., 26 NY3d 563, 572 [2015]; Purdy v Public Adm'r of County of Westchester, 72 NY2d 1, 8 [1988]; Eiseman v State of New York, 70 NY2d 175, 187 [1987]). Generally speaking, "common law in the State of New York does not impose a duty to control the conduct of third persons to prevent them from causing injury to others . . . even where as a practical matter defendant could have exercised such control" (Purdy v Public Adm'r of County of Westchester, 72 NY2d at 8 [internal quotation marks omitted]). Courts have imposed a duty of care, however, where, inter alia, a "special relationship" exists

between the defendant and a third person whose actions expose plaintiff to harm "such as would require the defendant to attempt to control the third person's conduct" (*id.*). "A critical consideration in determining whether a duty exists is whether the defendant's relationship with either the tortfeasor or the plaintiff place[d] the defendant in the best position to protect against the risk of harm" (*Davis v South Nassau Communities Hosp.*, 26 NY3d at 572 [internal quotation marks omitted]).

Under limited circumstances, the relationship between a lessor and a lessee can give rise to a duty of care inasmuch as the lessor "must exercise reasonable care not to expose third persons to an unreasonable risk of harm" (*Strunk v Zoltanski*, 62 NY2d 572, 576 [1984]). Assuming that such a duty also extends to the relationship between a sublessor and a sublessee, the relevant inquiry would be whether the defendant, as sublessor, exposed the plaintiff's insured in this case to an unreasonable risk of harm. Moreover, in evaluating the existence and scope of the duty of care, we are mindful that where, as here, the action involves only property damage, "the public policies, factors, and other analytical considerations used in setting the orbit of duty are different from those at play in cases involving physical injury" (*Castlepoint Ins. Co. v Command Sec. Corp.*, 144 AD3d 731, 735 [2016]; *compare Moch Co. v Rensselaer Water Co.*, 247 NY 160 [1928]; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220 [1990], *with Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 587-588 [1994]).

Under the circumstances presented, the defendant established, prima facie, that it owed no duty to the plaintiff's insured to take affirmative steps to prevent the tenant from smoking in the demised premises (*see Avins v Federation Empl. & Guidance Serv., Inc.*, 52 AD3d 30, 36 [2008]). The evidence showed, inter alia, that all participants in the defendant's housing program had to be able to live independently, and the degree of oversight provided by the defendant under the terms of its agreement with the tenant was limited. Therefore, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the negligence cause of action, and the plaintiff, in opposition, failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

"[I]n the absence of fault or a specific contract provision to the contrary, neither the landlord nor the tenant is obligated to perform repairs after a fire" (*Preferred Mut. Ins. Co. v Pine*, 44 AD3d 636, 638 [2007]). Here, the defendant established its

prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action by showing that the subject lease did not impose an obligation on it to repair the premises after a fire (*see id.* at 638-639), or to answer in damages for a fire caused by its sublessee (*see Greenwich Ins. Co. v Volunteers of Am.-Greater N.Y., Inc.*, 62 AD3d 557 [2009]). As the plaintiff failed, in opposition, to raise a triable issue of fact, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the breach of contract cause of action. Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur. 