In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated April 28, 2015, as granted those branches of the separate motions of the defendants Matthew D. Farrago and Barry D. Jordan, the defendant Avery F. Browne, the defendant Gerard P. Varlotta, and the defendants Anthony G. Curreri and Osric S. King which were pursuant to CPLR 3211 (a) (7) to dismiss the second, fifth, sixth, and seventh causes of action insofar as asserted against each of them, and granted those branches of the separate motion of the defendant K2 Boxing Promotions, LLC, which was pursuant to CPLR 3211 (a) (7) to dismiss the fifth, sixth, and seventh causes of action insofar as asserted against it.
 

 Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
 

 The plaintiffs, Charles J. Thomas, as guardian of the property of Magomed Abdusalamov, and Bakanay Abdusalamova, individually and on behalf of Abdusalamova’s three children, commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent in connection with injuries allegedly sustained by Abdusalamov during a professional heavyweight boxing match between Abdusalamov and Ismaikel Perez at Madison Square Garden on November 2, 2013.
 

 In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 88 [1994]).
 

 In a cause of action to recover damages based upon a claim of lack of informed consent, the pleadings must allege, inter alia, that there was “ ‘some unconsented-to affirmative violation of the plaintiff’s physical integrity’ ” (Martin v Hudson Val. Assoc., 13 AD3d 419, 420 [2004], quoting Hecht v Kaplan, 221 AD2d 100, 103 [1996]). As the plaintiffs made no allegation that the defendants, in purportedly failing to prevent, diagnose, and treat the injuries Abusalamov allegedly sustained during the boxing match, invaded his bodily integrity, the Supreme Court properly directed dismissal of the plaintiffs’ second cause of action to the extent it sought recovery on the basis of lack of informed consent (see Public Health Law § 2805-d; see also Sample v Levada, 8 AD3d 465 [2004]; Schel v Roth, 242 AD2d 697 [1997]; Hecht v Kaplan, 221 AD2d 100 [1996]).
 

 The Supreme Court properly directed dismissal of the derivative causes of action asserted by the plaintiff Bakanay Abdusalamova on behalf of her three daughters (see De Angelis v Lutheran Med. Ctr., 58 NY2d 1053 [1983]).
 

 The Supreme Court properly granted those branches of the respondents’ respective motions which were pursuant to CPLR 3211 (a) (7) to dismiss so much of the fifth, sixth, and seventh causes of action as demanded punitive damages insofar as asserted against each of them. “[P]unitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tort-feasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or are activated by evil or reprehensible motives” (Gravitt v Newman, 114 AD2d 1000, 1002 [1985]; see Nooger v Jay-Dee Fast Delivery, 251 AD2d 307 [1998]; Spinosa v Weinstein, 168 AD2d 32, 42-43 [1991]). Here, the plaintiffs’ allegations amount to nothing more than allegations of mere negligence (see Sanders v New Rochelle Hosp. Med. Ctr., 203 AD2d 550 [1994]; Zabas v Kard, 194 AD2d 784 [1993]; Spinosa v Weinstein, 168 AD2d at 43; Gravitt v Newman, 114 AD2d 1000 [1985]) and do not rise to the level of moral culpability necessary to support a claim for punitive damages (see Aronis v TLC Vision Ctrs., Inc., 49 AD3d 576, 578 [2008]; Anderson v Elliott, 24 AD3d 400 [2005]; Nooger v Jay-Dee Fast Delivery, 251 AD2d 307 [1998]; Zabas v Kard, 194 AD2d 784 [1993]).
 

 Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.