Moskowitz v Masliansky (2021 NY Slip Op 05331)





Moskowitz v Masliansky


2021 NY Slip Op 05331


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-04405
 (Index No. 900065/19)

[*1]Ben-Zion Moskowitz, respondent-appellant,
v
Abraham Masliansky, appellant-respondent, et al., defendant.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant-respondent.
Sweeney Reich & Bolz LLP, Lake Success, NY (Gerard J. Sweeney and Michael G. Dowd of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Abraham Masliansky appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered May 19, 2020. The order, insofar as appealed from, denied those branches of the motion of the defendant Abraham Masliansky which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligence and negligent failure to control the acts of third parties. The order, insofar as cross-appealed from, granted those branches of the motion of the defendant Abraham Masliansky which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligent supervision and negligent failure to provide a safe and secure environment.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendant Abraham Masliansky which were pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligent failure to control the acts of third parties and so much of the cause of action alleging negligence as demanded punitive damages, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant Abraham Masliansky.
The plaintiff commenced this action asserting causes of action alleging sexual assault, intentional infliction of emotional distress, and negligent infliction of emotional distress against the defendant Michele Masliansky (hereinafter Michele), and asserting causes of action alleging negligence, negligent supervision, negligent failure to control acts of third parties, and negligent failure to provide a safe and secure environment against the defendant Abraham Masliansky (hereinafter Abraham), Michele's husband. The plaintiff alleged, inter alia, that, when he was a teenager, the defendants hired him to babysit their children and Michele sexually abused him while at the defendants' home. Abraham moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him. In an order entered May 19, 2020, the Supreme Court granted those branches of Abraham's motion which were to dismiss the causes of action alleging negligent supervision and negligent failure to provide a safe and secure environment. The court denied those [*2]branches of Abraham's motion which were to dismiss the causes of action alleging negligence, which included a demand for punitive damages, and negligent failure to control the acts of third parties. Abraham appeals, and the plaintiff cross-appeals.
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must afford the complaint a liberal construction, accept all facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Sokol v Leader, 74 AD3d 1180, 1181). Further, on a motion to dismiss pursuant to CPLR 3211(a)(7), the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such affidavits, the facts alleged therein must also be assumed to be true (see Barry's Auto Body of NY, LLC v Allstate Fire & Cas. Ins. Co., 190 AD3d 807; Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its [causes of action], of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
The Supreme Court properly denied that branch of Abraham's motion which was to dismiss the negligence cause of action. "Whether a defendant owes a duty of care to another person is a question of law for the courts" (Tower Ins. Co. of N.Y. v Hands Across Long Is., Inc., 148 AD3d 1082, 1082; see Davis v South Nassau Communities Hosp., 26 NY3d 563, 572). Generally, a defendant has no duty to control the conduct of third persons so as to prevent them from harming others (see Oddo v Queens Vil. Comm. for Mental Health for Jamaica Community Adolescent Program, Inc., 28 NY3d 731, 735-736; Purdy v Public Adm'r of County of Westchester, 72 NY2d 1, 8; Tower Ins. Co. of N.Y. v Hands Across Long Is., Inc., 148 AD3d at 1082). However, a duty of care may arise where a special relationship exists between the defendant and the plaintiff that requires the defendant to protect the plaintiff from the conduct of others (see Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 233; Purdy v Public Adm'r of County of Westchester, 72 NY2d at 8; Edwards v Mercy Home for Children & Adults, 303 AD2d 543, 544). Examples of special relationships include employers and employees, parents and children, and common carriers and their patrons (see Purdy v Public Adm'r of County of Westchester, 72 NY2d at 8; Edwards v Mercy Home for Children & Adults, 303 AD2d at 544; Fay v Assignment Am., 245 AD2d 783, 784). Here, the complaint sufficiently alleged that Abraham had a duty of care to protect the plaintiff from Michele's alleged abuse because of Abraham's employment of the plaintiff as a babysitter in his home. Further, the complaint, as amplified by the plaintiff's affidavit, sufficiently alleged that Abraham knew or should have known of the alleged abuse because Abraham was frequently present in the home during the alleged abuse (see generally Doe v Intercontinental Hotels Group, PLC, 193 AD3d 410, 411; Smith v Northern Lights Land Co., LLC, 80 AD3d 964, 965; Mary A. ZZ v Blasen, 284 AD2d 773, 775).
However, under the circumstances of this case, the Supreme Court should have granted that branch of Abraham's motion which was to dismiss the cause of action alleging negligent failure to control the acts of third parties as duplicative, since that cause of action arose from the same facts as the negligence cause of action and does not allege distinct damages (see Lawrence K. v Westchester Day Sch., 196 AD3d 637, 638; Gale v Animal Med. Ctr., 108 AD3d 497, 498-499; Vermont Mut. Ins. Co. v McCabe & Mack, LLP, 105 AD3d 837, 839; Mecca v Shang, 258 AD2d 569, 570; see also Nouel v 325 Wadsworth Realty LLC, 112 AD3d 493, 494). For similar reasons, contrary to the plaintiff's contentions, the court properly granted those branches of Abraham's motion which were to dismiss the causes of action alleging negligent supervision and negligent failure to provide a safe and secure environment as duplicative.
Finally, the Supreme Court should have directed dismissal of so much of the negligence cause of action as demanded punitive damages insofar as asserted against Abraham. "[P]unitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tort-feasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or are activated by evil or reprehensible motives" (Gravitt v Newman, [*3]114 AD2d 1000, 1002; see Thomas v Farrago, 154 AD3d 896, 898; Nooger v Jay-Dee Fast Delivery, 251 AD2d 307; Spinosa v Weinstein, 168 AD2d 32, 42-43). Here, the plaintiff's allegations against Abraham amount to nothing more than allegations of mere negligence and do not rise to the level of moral culpability necessary to support a claim for punitive damages (see Thomas v Farrago, 154 AD3d at 898; Aronis v TLC Vision Ctrs., Inc., 49 AD3d 576, 578; Anderson v Elliott, 24 AD3d 400; Nooger v Jay-Dee Fast Delivery, 251 AD2d 307; Zabas v Kard, 194 AD2d 784).
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court