Byrne v Sidhu (2023 NY Slip Op 01772)

Byrne v Sidhu

2023 NY Slip Op 01772

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-04174
 (Index No. 51744/18)

[*1]John P. Byrne, etc., appellant, 
v
Ravinder Sidhu, etc., et al., respondents.

Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Phelan, Phelan & Danek, LLP, Albany, NY (Timothy S. Brennan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiff appeals from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated May 15, 2020. The order granted the motion of the defendants Ravinder Sidhu and Emergency Medical Association of New York, P.C., and the separate motion of the defendant Westchester County Healthcare Corporation, for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with costs.
To prevail on a motion for summary judgment in a medical malpractice action, a defendant must establish, prima facie, either that there was no departure from good and accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries (see Lefkowitz v Kelly, 170 AD3d 1148, 1149-1150). "If the defendant makes such a showing, 'a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact'" (Lefkowitz v Kelly, 170 AD3d at 1149-1150, quoting Deutsch v Chaglassian, 71 AD3d 718, 719). "General and conclusory allegations of medical malpractice . . . unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]).
Here, the plaintiff acknowledges that on their separate motions for summary judgment, the defendants established their prima facie entitlement to judgment as a matter of law with respect to the cause of action sounding in medical malpractice. The defendants did so through the submission of the affirmation of an expert and the deposition testimony of the defendant Ravinder Sidhu, which showed that the shoulder reduction procedure that Sidhu performed on the plaintiff's decedent comported with good and accepted medical practice. In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff [*2]submitted the affirmation of a physician who was board certified in orthopedic surgery. The plaintiff's expert opined that Sidhu departed from the accepted standard of care by using excessive force, which was demonstrated by the fact that the plaintiff's decedent suffered fractures of the radius and ulna bones in the forearm, which are not known risks of a shoulder reduction. The plaintiff's expert's opinion that less force should have been used, in the absence of any opinion as to how much force should have been used and how to measure it, was conclusory and insufficient to raise a triable issue of fact (see Coffey v Mansouri, 209 AD3d 714). The mere presence of an injury does not mean that excessive force was used (see Henry v Bronx Lebanon Med. Ctr., 53 AD2d 476, 480).
The evidence indicated that the plaintiff's decedent had osteoporosis. However, Sidhu testified that the fact that a patient had osteoporosis would not affect the technique he used, since a dislocated shoulder was an acute situation. There was no opinion expressed that a shoulder reduction procedure was improper if the patient has osteoporosis.
The plaintiff's remaining contentions are without merit (see Gilmore v Mihail, 174 AD3d 686, 688).
Accordingly, the Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court