Duncan v Black Veterans for Social Justice, Inc. (2023 NY Slip Op 03681)

Duncan v Black Veterans for Social Justice, Inc.

2023 NY Slip Op 03681

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-08901
 (Index No. 518432/17)

[*1]Antoinette Duncan, etc., appellant, 
v
Black Veterans for Social Justice, Inc., respondent (and a third-party action).

Goldstein & Goldstein, P.C., Brooklyn, NY (Benjamin S. Goldstein of counsel), for appellant.
Correia, King, McGinnis & Liferiedge, New York, NY (Kevin J. McGinnis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated October 23, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
St. Julian Duncan participated in a program called "Supportive Services for Veterans Families," which was operated by the defendant Black Veterans for Social Justice, Inc. (hereinafter BVSJ), and which provided housing assistance for veterans. On May 29, 2017, Duncan was assaulted by George Robinson, another participant in the program. Duncan and Robinson, who were both veterans, shared a two-bedroom apartment and signed separate leases. Their landlord was identified by BVSJ as a landlord who agreed to rent the apartment to unemployed veterans, with the understanding that BVSJ would pay the rent.
In this action to recover damages for personal injuries, the plaintiff, the administrator of Duncan's estate, alleges that the assault was the result of BVSJ's negligence in, among other things, placing Duncan and Robinson in the same apartment. BVSJ moved for summary judgment dismissing the complaint. In an order dated October 23, 2020, the Supreme Court granted BVSJ's motion. The plaintiff appeals.
"Generally, a defendant has no duty to control the conduct of third persons so as to prevent them from harming others" (Moskowitz v Masliansky, 198 AD3d 637, 639). "A duty may arise, however, where there is a relationship either between defendant and a third-person tortfeasor that encompasses defendant's actual control of the third person's actions, or between defendant and plaintiff that requires defendant to protect plaintiff from the conduct of others" (Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 233; see Oddo v Queens Vil. Comm. for Mental Health for Jamaica Community Adolescent Program, Inc., 28 NY3d 731, 736).
Here, BVSJ demonstrated, prima facie, that it owed no duty to the plaintiffs, by [*2]submitting evidence which demonstrated that it did not have sufficient authority and ability to control Robinson's actions (see Malone v County of Suffolk, 128 AD3d 651; Malave v Lakeside Manor Homes for Adults, Inc., 105 AD3d 914, 916; cf. Fox v Marshall, 88 AD3d 131). In opposition, the plaintiff failed to a raise triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted BVSJ's motion for summary judgment dismissing the complaint.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court