Woehrle v Buono (2024 NY Slip Op 05815)

Woehrle v Buono

2024 NY Slip Op 05815

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2020-08762
 (Index No. 605896/18)

[*1]Brad Woehrle, appellant, 
v
Lawrence M. Buono, etc., et al., respondents, et al., defendant.

Joseph A. Hanshe P.C., Sayville, NY, for appellant.
Benvenuto & Slattery (Rubin Paterniti Gonzalez Rizzo Kaufman LLP, New York, NY [Juan C. Gonzalez], of counsel), for respondent James A. Brady.
Martin Clearwater & Bell LLP, East Meadow, NY (Barbara D. Goldberg, Gregory A. Cascino, Rosaleen T. McCrory, and Maureen P. Blazowski of counsel), for respondent Lawrence M. Buono.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated October 26, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendant Lawrence M. Buono which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against him and, in effect, the plaintiff's demand for punitive damages insofar as asserted against him, and the motion of the defendant James A. Brady for summary judgment dismissing the plaintiff's demand for punitive damages insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Lawrence M. Buono which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against him, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Lawrence M. Buono, and one bill of costs to the defendant James A. Brady payable by the plaintiff.
In March 2018, the plaintiff commenced this action against the defendants Lawrence M. Buono and James A. Brady, and another defendant, to recover damages for medical malpractice and lack of informed consent, alleging that Buono and Brady performed an orbital biopsy on the plaintiff that caused him to suffer a total and permanent loss of vision in his left eye. While Buono testified during his deposition that he merely assisted Brady during the surgery and that it was Brady who performed the biopsy, Brady testified during his deposition that Buono performed the biopsy. Buono moved, inter alia, for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against him and, in effect, the plaintiff's demand for punitive damages insofar as asserted against him, and Brady moved for summary judgment dismissing the plaintiff's demand for punitive damages insofar as asserted against him. In an order dated October 26, 2020, the Supreme Court, among other things, granted those branches of Buono's motion and [*2]Brady's motion. The plaintiff appeals.
"To prevail on a motion for summary judgment in a medical malpractice action, a defendant must establish, prima facie, either that there was no departure from good and accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries" (Byrne v Sidhu, 215 AD3d 622, 622). "In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Bacalan v St. Vincents Catholic Med. Ctrs. of N.Y., 179 AD3d 989, 991-992). Here, Buono failed to establish his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against him. The plaintiff specifically alleged in his bill of particulars, inter alia, that Buono was negligent in abandoning the plaintiff in the operating room before the procedure was completed. In support of his motion, Buono submitted an affirmation of an expert who opined that Buono did not depart from good and accepted medical practice because, "as an assistant, DR. BUONO was entitled to leave the operating room as soon as his services were no longer required." That opinion, however, failed to address certain evidence, including medical records and deposition testimony of Brady and Buono, that raised a triable issue of fact as to whether Buono was the assistant or the surgeon performing the procedure. As such, the expert's opinion is conclusory, speculative, and wholly insufficient to establish Buono's prima facie entitlement to judgment as a matter of law (see Faicco v Golub, 91 AD3d 817, 818). The expert also failed to establish that Buono's alleged negligence was not a proximate cause of the plaintiff's injuries. Accordingly, the Supreme Court should have denied that branch of Buono's motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against him regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly granted Brady's motion for summary judgment dismissing the plaintiff's demand for punitive damages insofar as asserted against him. "Punitive damages are recoverable in a medical malpractice action only where the defendant's conduct evinces a high degree of moral culpability or willful or wanton negligence or recklessness" (Dmytryszyn v Herschman, 78 AD3d 1108, 1109). In a medical malpractice action, a plaintiff may recover punitive damages for a "medical professional's act of altering or destroying medical records in an effort to evade potential medical malpractice liability" (Gomez v Cabatic, 159 AD3d 62, 76). Here, Brady's conduct in editing an operative report did not rise to the level of moral culpability required to support a claim for punitive damages, as the record does not demonstrate that Brady edited the operative report in an effort to evade potential liability or that he otherwise attempted to conceal the edit (see Buccigrossi v Glatman, 214 AD3d 696, 696-697; Gioio v Ching Fu Lin, 173 AD3d 982, 982-983).
Contrary to the plaintiff's contention, the Supreme Court also properly granted that branch of Buono's motion which was, in effect, for summary judgment dismissing the plaintiff's demand for punitive damages insofar as asserted against him, as the plaintiff's allegations "amount to nothing more than allegations of mere negligence and do not rise to the level of moral culpability necessary to support claims for punitive damages" (Thomas v Farrago, 154 AD3d 896, 898 [citations omitted]; see Aronis v TLC Vision Ctrs., Inc., 49 AD3d 576, 577).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court