Fibkins v Nayyar (2025 NY Slip Op 50161(U))

[*1]

Fibkins v Nayyar

2025 NY Slip Op 50161(U)

Decided on February 14, 2025

District Court Of Suffolk County, Sixth District

Blake, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 14, 2025
District Court of Suffolk County, Sixth District

Brian T. Fibkins, Plaintiff,

against
Nabeel Nayyar, Defendant.

Index No. SC-31-24/BR 

Plaintiff Pro Se
Brian T. Fibkins
Defendants Pro Se
Nabeel Nayyar
a/k/a Mohammed Nayyar
d/b/a DS Auto Imports LLC

Patricia M. Blake, J.

On February 9, 2024, Plaintiff Brian Fibkins ("Plaintiff") commenced this small claims proceeding against Defendant Nabeel Nayyar ("Defendant") seeking a refund on defective merchandise. Specifically, Plaintiff alleged that he paid four thousand and five hundred ($4,500.00) dollars to Defendant for a used 2004 Ford F-150 truck, which could not pass inspection due, even with repairs, due to substantial damage.
After presiding over a non-jury trial de novo on January 31, 2025, this Court makes the following findings of fact and conclusions of law and issues this Decision and Order:
I. Summary of Trial
During trial, Plaintiff Fibkins testified that on November 7, 2023, he purchased a used 2004 Ford F150 truck from Defendant Nayyar for four thousand and five hundred ($4,500.00) dollars, after Plaintiff saw an advertisement for the truck on Facebook Marketplace. Plaintiff [*2]further testified that, in the advertisement, the Defendant stated he was a car dealer who worked with DS Auto Imports, LLC, and that the advertisement falsely stated that the vehicle was in good condition and needed no repairs.
The Plaintiff further testified that when he took the truck to be inspected at an auto shop in December 2023, it failed inspection; Plaintiff was further told that the vehicle could not pass inspection, even with repairs, because the frame was rotted and cracked and was a safety hazard.
In support of his case, the Plaintiff submitted the following exhibits: (1) the advertisement for the truck that appeared on Facebook Marketplace, undated; (2) an inspection from T&S Auto Service Center, dated December 4, 2023, detailing defects in vehicle; (3) Hearing Notice, dated September 4, 2024; (4) Bill of Sale for vehicle, dated November 7, 2023 and (5) photos of vehicle's frame, undated.
Plaintiff also offered testimony from witness David Thomas, a car mechanic, who testified that he examined the vehicle. Based upon his examination, Mr. Thomas concluded that the vehicle could not pass inspection, even with repairs, because the frame was rotted and cracked and was a safety hazard.
Defendant Nayyar failed to appear for trial, and submitted no testimony or evidence.
II. Findings of Fact
Based on the credible evidence submitted during trial, this Court finds that on November 7, 2023, Plaintiff Fibkins purchased a used 2004 Ford F150 truck from Defendant Nayyar for four thousand and five hundred ($4,500.00) dollars, which vehicle had substantial damage, making it unable to pass inspection, even with repairs.
III. Conclusions of Law
Pursuant to New York's Vehicle and Traffic Law ("VTL") § 417, "[u]pon the sale or transfer of title by a retail dealer of any second hand motor vehicle, intended for use by the buyer . . . the vendor shall execute and deliver to the vendee an instrument in writing . . . in which shall be given the make, year of manufacture and identification number of the said motor vehicle, the name and address of the vendee, and the date of delivery to the vendee. Such notice shall also contain a certification that said motor vehicle . . . is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery . . . ." (Emphasis added).
Based on the evidence submitted at trial, this Court concludes that the Plaintiff failed to comply with the requirements of VTL § 417 in that he (1) failed to provide a written instrument containing notice that the motor vehicle " . . . is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery" and (2) failed to provide a vehicle that was in such condition.
Accordingly, this Court awards the Plaintiff four thousand and five hundred ($4,500.00) dollars in compensatory damages.
This Court further finds that the actions of the Defendant Nayyar in this case, namely, falsely advertising and then selling a substantially damaged vehicle, constitute gross negligence and intentional, wanton and malicious conduct. Consequently, this Court awards five hundred ($500) dollars[FN1]
 in punitive damages. (See Thomas v Farrago, 154 AD3d 896, 898, 62 NYS3d 478, 480 [2d Dep't 2017] ("[p]unitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tort-feasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or are activated by evil or reprehensible motives." Accord, Welch v Mr. Christmas Inc., 57 NY2d 143, 150 (1982) (punitive damages available where plaintiff demonstrates defendant's "conscious disregard of the rights of others or conduct [by the Defendant] so reckless as to amount to such disregard.").
By reason of the foregoing, it is hereby:
ORDERED: Judgment for the Plaintiff in the amount of four thousand and five hundred ($4,500.00) dollars in compensatory damages, and five hundred ($500.00) dollars in punitive damages, for a total of five thousand ($5,000.00) dollars, plus interest from the date of sale (November 7, 2023), at a rate of nine percent (9%) per annum pursuant to CPLR § 5001 and CPLR § 5004.
Dated: February 14, 2025
Patchogue, New York
HON. PATRICIA M. BLAKE

Footnotes

Footnote 1: The jurisdictional limit of the Small Claims Court in Suffolk County, New York, is an aggregate of $5,000, exclusive of interest and costs. (See Uniform District Court Act § 1801). (Accord, Robles v Bartlett Bldg. Corp., 4 Misc 3d 129(A), 791 NYS2d 873 [App Term 2024] [awarding punitive damages up to the amount of the jurisdictional limitation]).