Melio v John T. Mather Mem. Hosp. (2025 NY Slip Op 03562)

Melio v John T. Mather Mem. Hosp.

2025 NY Slip Op 03562

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-08266
 (Index No. 6527/16)

[*1]Melissa Melio, et al., respondents, 
v
John T. Mather Memorial Hospital, appellant, et al., defendant.

Fumuso Christesen LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling, Katherine Herr Solomon, and Jessica Smith], of counsel), for appellant.
Birzon & Associates (John Ray & Associates, Miller Place, NY, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendant John T. Mather Memorial Hospital appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated June 15, 2023. The order granted the plaintiffs' motion for summary judgment on the issue of liability on the causes of action to recover damages for negligence insofar as asserted against the defendant John T. Mather Memorial Hospital and denied that defendant's cross-motion for summary judgment dismissing the causes of action to recover damages for negligence insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment on the issue of liability on the causes of action to recover damages for negligence insofar as asserted against the defendant John T. Mather Memorial Hospital is denied, and that defendant's cross-motion for summary judgment dismissing the causes of action to recover damages for negligence insofar as asserted against it is granted.
On December 1, 2015, the defendant Francis Barrios was taken by ambulance to the emergency department of the defendant John T. Mather Memorial Hospital (hereinafter the hospital). Barrios, who had a history of schizophrenia, complained of anxiety, tremors, and blurry vision. The hospital records indicated that Barrios did not have a history of threatening or attempting to hurt others, or of actually hurting others, and that Barrios did not display any signs of violent behavior. After consultation with the psychiatrist on call, it was determined that Barrios should be discharged and should seek outpatient treatment. The decision to discharge Barrios was made at 6:21 p.m., approximately six hours after he arrived at the emergency department of the hospital. Approximately one hour later, a hospital employee arranged for a taxi to transport Barrios to a men's shelter where he was residing and paid a $24 fee for the service. Barrios entered a cab driven by the plaintiff Melissa Melio (hereinafter the injured plaintiff), and shortly thereafter, he assaulted her.
The injured plaintiff, and her husband suing derivatively, commenced this action alleging, inter alia, negligence against the hospital. The plaintiffs thereafter moved for summary judgment on the issue of liability on the causes of action to recover damages for negligence insofar as asserted against the hospital. The hospital cross-moved for summary judgment dismissing the [*2]causes of action to recover damages for negligence insofar as asserted against it. In an order dated June 15, 2023, the Supreme Court granted the plaintiffs' motion and denied the hospital's cross-motion. The hospital appeals.
"The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach was a proximate cause of the plaintiff's injury" (Esen v Narian, 155 AD3d 612, 613; see Levi v Nardone, 178 AD3d 692, 693). "Without a duty running directly to the injured person, there can be no liability" (Lauer v City of New York, 95 NY2d 95, 100). "Generally, a defendant has no duty to control the conduct of third persons so as to prevent them from harming others" (Moskowitz v Masliansky, 198 AD3d 637, 639). "A duty may arise, however, where there is a relationship either between defendant and a third-person tortfeasor that encompasses defendant's actual control of the third person's actions, or between defendant and plaintiff that requires defendant to protect plaintiff from the conduct of others" (Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 233; see Oddo v Queens Vil. Comm. for Mental Health for Jamaica Community Adolescent Program, Inc., 28 NY3d 731, 736).
Here, the plaintiffs failed to establish, prima facie, that the hospital owed the injured plaintiff a duty. There is no evidence that the hospital had sufficient authority and ability to control Barrios's actions after he was discharged and left the hospital (see Oddo v Queens Vil. Comm. for Mental Health for Jamaica Community Adolescent Program, Inc., 28 NY3d at 738; Duncan v Black Veterans for Social Justice, Inc., 218 AD3d 442, 443). The hospital's decision to pay for a taxi service for Barrios after his discharge did not make the hospital the injured plaintiff's employer, make the hospital an agent for Barrios, or otherwise create a special duty (see Purdy v Public Adm'r of County of Westchester, 72 NY2d 1, 8). Further, absent evidence in the record that the hospital knew or should have known that Barrios posed a threat to the injured plaintiff, she was a member of the general public and not of a class of people to whom the hospital owed a duty (see Citera v County of Suffolk, 95 AD3d 1255, 1259; Adams v Elgart, 213 AD2d 436, 438). The hospital established, prima facie, that it did not owe the injured plaintiff a duty of care, and the plaintiffs, in opposition, failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the issue of liability on the causes of action to recover damages for negligence insofar as asserted against the hospital and granted the hospital's cross-motion for summary judgment dismissing the causes of action to recover damages for negligence insofar as asserted against it.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court